## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SIDNEY B. HARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:13CV673 |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| MAGISTRATE JUDGE TREVOR P. | ) | |
| SHARP, U.S. DISTRICT JUDGE | ) | |
| THOMAS D. SCHROEDER, | ) | |
| RICHARD H. BRODHEAD, DAVID | ) | |
| F. LEVI, and DUKE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on various motions: (1) Defendants Richard Brodhead, David F. Levi and Duke University's ("Duke Defendants") motion to dismiss (Docket Entry 8) and motion for Rule 11 sanctions (Docket Entry 29); (2) Defendant State of North Carolina's motion to dismiss (Docket Entry 17); (3) Defendant U.S. District Judge Thomas D. Schroeder's ("Judge Schroeder") motion to dismiss (Docket Entry 23); and (4) Plaintiff's motion to compel (Docket Entry 37). A hearing was held on these motions on April 23, 2014. Subsequent to the hearing, Plaintiff filed a "motion to drop" Judge Schroeder as a defendant in this action. (Docket Entry 41.) For the reasons that follow, the court will recommend that the motions to dismiss of all Defendants be granted, that Plaintiff's motion to compel be denied as moot, and that Duke Defendants' motion for Rule

11 sanctions be granted as set forth below. Additionally, it is recommended that Plaintiff's motion to dismiss Judge Schroeder be denied as moot.

## I. BACKGROUND

Plaintiff filed an action against the Duke Defendants on April 4, 2011, asserting claims for violation of 42 U.S.C. § 1983, alleging that Plaintiff's constitutional rights were violated when he was asked to leave an event held at Duke Law School on account of his political speech. *See Harr v. Broadhead et al.*, 1:11CV263-TDS-JEP (M.D.N.C.) (*Harr I.*). By order dated March 5, 2012, Judge Schroeder granted the Duke Defendants' motion to dismiss *Harr I* under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (*Harr I*, Docket Entry 20.) Plaintiff appealed this order to the Fourth Circuit Court of Appeals, which affirmed in a per curiam opinion. (*Harr I*, Docket Entry 27.) The Supreme Court denied Plaintiff's petition for a writ of certiorari. (*See* Complaint, ¶¶ 252-254, Docket Entry 1.)

Plaintiff filed the present action on August 15, 2013. In this action, in addition to the Duke Defendants, Plaintiff named the State of North Carolina and Judge Schroeder as Defendants.[1] Plaintiff claims that his rights to free speech and expression were violated by Defendants; that he has been discriminated against on the basis of his secular thoughts, beliefs, and opinions; and that Defendants violated his rights to due process and equal protection.

---

[1] Plaintiff originally named former United States Magistrate Judge P. Trevor Sharp as a Defendant as well. On August 27, 2013, Plaintiff filed notice of voluntary dismissal of Judge Sharp from this action. (Docket Entry 6.)

## II. STANDARD OF REVIEW ON MOTIONS TO DISMISS

### A. Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1))

Subject matter jurisdiction is both a Constitutional and statutory requirement which restricts federal judicial power to a limited set of cases and controversies. Thus, "no action of the parties can confer subject matter jurisdiction upon a federal court." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). A motion to dismiss challenging a plaintiff's standing concerns "the factual basis for subject matter jurisdiction, [thus] the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredricksburg & Potomoc R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.; see also Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

Article III of the United States Constitution limits the federal courts to adjudicating actual "cases" and "controversies." U.S. CONST. art. III, § 2. This cap on judicial power reflects the view that courts should decide "concrete legal issues, presented in actual cases, not abstractions." *United Public Workers of Am. (C.I.O) v. Mitchell*, 330 U.S. 75, 89 (1947), *overruled on other grounds by Adler v. Bd. of Educ.*, 342 U.S. 485 (1952). The doctrine of standing gives effect to this requirement by ensuring that a plaintiff has a sufficient personal stake in a dispute, *i.e.,* a personal injury, rendering judicial resolution appropriate. *Hein v. Freedom from*

*Religion Found., Inc*, 551 U.S. 587, 598 (2007). In order to establish standing to sue, the plaintiff must demonstrate three basic elements: (1) the plaintiff must have suffered an "injury in fact," (2) the injury must be "fairly traceable" to the defendant's challenged conduct, and (3) it must be likely that the plaintiff's injury would be redressed by the requested relief. *Id.*; *see also Doe v. Virginia Dept. of State Police*, 713 F.3d 745, 753 (4th Cir. 2013). When assessing standing before a federal court, "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

### B. Failure to State a Claim (Rule 12(b)(6))

Defendants also argue that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is *plausible* on its face.") (emphasis in original) (internal citation and quotation marks omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal

conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

## III. DISCUSSION

### A. State Defendant

In support of his claims against the State, Plaintiff alleges that North Carolina's civil and criminal justice system is racist, discriminatory, corrupt and "hijacked." (Compl. ¶ 1, Docket Entry 1.) Plaintiff invokes the court's jurisdiction under 28 U.S.C. §§ 1331 and 1343, seeking monetary and other requested relief. As to monetary relief, Plaintiff seeks compensation for his "efforts in taking responsibility abdicated by DEFENDANT STATE and overseeing work of a state medical examiner" in addition to other reasonable financial compensation. (Compl. at 59-60.) Plaintiff also asks this court to order the State to conduct an independent investigation into the autopsy report and death of Reginald Daye and for the court to order the North Carolina State Bar to reconsider the disbarment of Mike Nifong, former Durham County District Attorney. (*Id.* at 60.)

Plaintiff provides a list of examples to support his allegations that the State's civil and criminal justice system is racist, discriminatory, corrupt, and "hijacked." (Compl. ¶¶ 2-138.) To illustrate his belief that the State's justice system is discriminatory and racist, Plaintiff

provides these examples: (1) recent legislation passed by the North Carolina General Assembly, including the "Voting Rights Bill," is an attempt to suppress voting by people of color; (2) a bill to pardon former Governor William Holden failed while a proclamation to honor former United States Senator Jesse Helms passed; (3) the repeal of the Racial Justice Act; (4) references to individuals Plaintiff believes were wrongfully convicted in State criminal proceedings; and (5) the passage of legislation relating to women's reproductive rights. (*Id.* ¶¶ 2, 3-8, 11, 13-27, 29.) To support his contention that the State's justice system is corrupt, Plaintiff alleges that a state medical examiner produced a "false and fraudulent autopsy report to enable a prosecutor to charge an innocent person [Crystal Magnum] with murder." (*Id.* ¶ 30.) Plaintiff then provides exhaustive details of the pending state criminal court proceeding against Ms. Mangum, his beliefs regarding the purportedly fraudulent autopsy report of the victim, Mr. Daye, and actions that Plaintiff has taken on Ms. Mangum's behalf. (*Id.* ¶¶ 31-57, 264-79.) To illustrate his belief that the State's justice system has been "hijacked," Plaintiff recites a list of state and federal officials, members of the media, and organizations who he contacted to speak to about Mr. Daye's autopsy report on behalf of Ms. Mangum, and who did not respond to his requests. (*Id.* ¶¶ 58-137.)

In support of his remaining claims against the State, Plaintiff recites personal stories of third-parties and his belief that they were discriminated against during state criminal proceedings. (*Id.* ¶¶ 130-146.) Plaintiff also asserts his belief that the State mistreated former Durham County District Attorney Mike Nifong, alleging specifically that he was "miffed by the extremely heavy handed and Draconian abuse and mistreatment of NIFONG by DEFENDANT STATE," (*id.* ¶ 181), that he believes "NIFONG was

selectively and unjustly disbarred due to his handling of the Duke Lacrosse case," (*id.* ¶ 182), and "that at the crux of the corruption and hijacking of DEFENDANT STATE'S justice system is the persecution and abuse of NIFONG . . . ." (*Id.* ¶ 289.) Plaintiff further alleges, without providing any facts, that the courts have treated him unfairly and are prejudiced against him because he is a supporter of Mr. Nifong. (*Id.* ¶ 282.). Lastly, Plaintiff asserts that he filed this action against the State "to further his quest for true and equal justice for himself, MANGUM, NIFONG, as well as all Tar Heelians," and because in April 2011, when he filed the first discrimination action against the Duke Defendants, he was deprived of due process and equal protection due to the State's justice system being "corrupted and hijacked." (*Id.* ¶ 138, 255-56.)

The State challenges Plaintiff's standing, contending that Plaintiff has alleged no facts showing that he himself was adversely affected or suffered an "injury in fact" as a result of the constitutional violations he alleges. The court agrees. Even when all inferences are drawn in Plaintiff's favor, his allegations fail to adequately allege an injury in fact. Most of Plaintiff's allegations against the State consist of a list of claims he asserted on behalf of third parties, Mr. Nifong and Ms. Mangum. (*See* Compl., ¶¶ 2-190, 257-319, Docket Entry 1.) Indeed, Plaintiff proclaims that his intent in bringing this action against the State is to "further his quest for true and equal justice for himself, MANGUM, and NIFONG . . . ." (*Id.* ¶ 256.)

Moreover, "the 'injury in fact' test requires more than an injury to a cognizable interest" as "[i]t requires that the party seeking review be himself among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972). The party seeking review must allege facts

showing that he himself was adversely affected. *Id.* at 740. Plaintiff here has failed to do so. In support of his constitutional claims against the State, Plaintiff alleges that the State's civil and criminal justice system is racist, discriminatory, corrupt, and "hijacked" and provides a list of examples to support these allegations. (*See* Compl. ¶¶ 2-138). None of these examples, however, show that Plaintiff suffered an injury in fact or that he has been adversely affected. For instance, Plaintiff alleges that the "Voting Rights Bill" passed by the state legislature is racist because it functions to suppress the registration and voting participation of people of color. (*Id.* ¶ 2.) However, Plaintiff does not allege that he is a voter, that the legislation in question has infringed on his right to vote, or that he has been denied the right to vote as a result of the enactment of the statute. Moreover, apart from the 2011 federal action Plaintiff filed against the Duke Defendants (*Harr I*), Plaintiff does not allege that he has ever been a party to a state criminal or civil court proceeding. Lastly, Plaintiff has not alleged any facts to demonstrate that the State or a state actor acted in any manner to violate his rights arising under the First, Fifth and Fourteenth Amendments. Because Plaintiff has not suffered an injury in fact, the second and third prongs of standing analysis necessarily fail.

Additionally, the court is required to contemplate prudential, or judge-made, considerations to determine if Plaintiff has standing to assert these claims against the State. The Supreme Court has long held that a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499-500 (1975). Further, the Supreme Court has refused to adjudicate "abstract questions of wide public significance" amounting to

"generalized grievances" which are more appropriately addressed in the representative branches of government. *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 474-75 (1982). Plaintiff here is clearly attempting to address generalized grievances and to assert the rights of others he believes have been wronged by the state judicial system. At the hearing in this matter, Plaintiff himself acknowledged that his claims against the State were, in his words, "a bit of a stretch." Because he lacks standing to assert these claims, his complaint as to the State must be dismissed.

Even if Plaintiff had standing to bring this action against the State, he has failed to state a claim upon which relief can be granted against the State. Plaintiff alleges that the State violated his First Amendment rights to free speech and expression arising from his support of Mr. Nifong. However, apart from this conclusory allegation, Plaintiff has not set forth any facts to demonstrate how the State violated his First Amendment rights. The alleged events did not occur at a public state educational institution. As such, Plaintiff has failed to state a First Amendment claim against the State.

Likewise, Plaintiff's claims that his rights to due process and equal protection were violated by the State also lack merit as Plaintiff failed to allege any facts in support of these claims. As previously discussed, Plaintiff did not plead any facts to indicate that he has been a party to a state civil or criminal court proceeding, nor did he allege that he was treated differently than others similarly situated. Rather, Plaintiff appears to allege that his rights to due process and equal protection were violated when his first case in this court, *Harr I*, was dismissed. Again, Plaintiff has alleged no facts to support these allegations.

Lastly, Plaintiff has failed to allege facts tending to support his claim that the State has discriminated against him in any way on the basis of his secular beliefs or because of his support for Mr. Nifong. Plaintiff alleges in a conclusory fashion that the courts are prejudiced against him and treat him unfairly because he is a supporter of Mr. Nifong. However, Plaintiff has not provided any facts to demonstrate how the State, or its court system, has discriminated against him. As such, Plaintiff has failed to state a claim against the State and this claim must be dismissed.

## B. Judge Schroeder

Plaintiff's single, and admitted, motivation for naming Judge Schroeder as a party in this action was to prevent Judge Schroeder from being assigned to the instant suit. Indeed, the complaint is totally devoid of any allegations of wrongdoing on the part of Judge Schroeder. Clearly, Plaintiff disagreed with Judge Schroeder's decision in *Harr I* and thus sought to keep him from presiding in this action. At the hearing, Plaintiff orally moved to dismiss Judge Schroeder from this lawsuit, and he later filed a written motion to the same effect.

This court orally granted Judge Schroeder's motion to dismiss on the grounds of sovereign immunity and judicial immunity. To the extent Plaintiff has sued Judge Schroeder in his official capacity, he has alleged an action against the United States. The United States and its agencies may not be sued unless Congress has explicitly waived sovereign immunity. *Federal Dep. Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Here, Plaintiff has failed to establish any waiver of sovereign immunity which would allow Judge Schroeder to be sued in his official capacity. As such, the action against Judge Schroeder must be dismissed.

Additionally, Plaintiff's claim against Judge Schroeder is barred by the doctrine of judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (citing *Bradley v. Fisher*, 80 U.S. 335 (1871)) ("it has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). In *Stump*, the Supreme Court held that judges are not liable in civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." 435 U.S. at 356. The Court further stated that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356-67 (internal citation omitted). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Plaintiff here has not alleged any acts on the part of Judge Schroeder which would negate judicial immunity. It is clear that Judge Schroeder has absolute judicial immunity and the complaint against him must be dismissed.[2]

### C. Duke Defendants

As to the Duke Defendants, the complaint in the present action ("*Harr II*") recites the same facts that formed the basis of *Harr I*. (*See* Compl. ¶¶ 191-234, Docket Entry 1.)[3]

---

[2]     Judge Schroeder also argues that the complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and for insufficiency of service of process pursuant to Fed. R. Civ. P. (12)(b)(5). Both of these arguments have merit and the court would recommend dismissal on these grounds as well. In light of the court's findings that the claims are barred by sovereign immunity and judicial immunity, however, detailed discussion of these alternative grounds for dismissal is unnecessary.

Plaintiff acknowledges in the complaint that a final order disposing of all claims was entered in *Harr I*. (*Id.* ¶¶ 235-255.)

The Duke Defendants argue that Plaintiff's complaint against them should be dismissed under the doctrines of *res judicata* or collateral estoppel, based on the final merits adjudication in *Harr I*. This court agrees. "The doctrine of *res judicata* [ ] provides that a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981) (internal quotation marks and citation omitted). *Res judicata* applies where three factors exist: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) (citing *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004)).

As described above, there are two new defendants named in *Harr II*, but as to the Duke Defendants, Plaintiff has failed to allege any new or different facts that support a new cause of action. Plaintiff's claims against the Duke Defendants clearly stem from the same

---

[3] The Duke Defendants attached a copy of the complaint in *Harr I* to their brief in support of the instant motion to dismiss. (*See* Duke Def.'s Br., Ex. A, Docket Entry 9-1.) Because the complaint in the present action recounts in detail both the factual basis for and procedural disposition of *Harr I* (*see* Compl. ¶¶ 186-255), this court may consider it without converting the present motion to one seeking summary judgment. *See Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) ("[A] court may consider [extrinsic evidence] in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity."). Additionally, "[i]n reviewing a Rule 12(b)(6) dismissal, [the court] may properly take judicial notice of matters of public record" under Rule 201 of the Federal Rules of Evidence. *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004). This includes filings in prior litigation. *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009); *see also Ward v. Keybank Nat'l Ass'n*, No. 1:03CV1124, 2005 WL 1118076, at *1 n. 1 (M.D.N.C. May 10, 2005) ("Here, the filings in the prior suit are matters of public record, serve as the underlying basis for this lawsuit, and the facts of those filings, rather than their veracity, are not subject to reasonable dispute by either party. Under the circumstances, judicial notice is proper.").

set of facts underlying the first action which was dismissed by the court. Plaintiff appears to argue that his claims have not been adjudicated on the merits because he did not have the opportunity to argue his case to a jury. This argument is without merit. "Unless the dismissal order states otherwise," an involuntary dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). As recognized by the United States Supreme Court, "[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (quoting Fed. R. Civ. P. 41(b)); *see also Long Term Care Partners, LLC v. United States*, 516 F.3d 225, 240 n.* (4th Cir. 2008) (Williams, C.J., concurring in part and dissenting in part) (dismissal based on Rule 12(b)(6) "must be considered dismissal on the merits for purposes of res judicata."). Judge Schroeder in *Harr I* clearly dismissed the action for failure to state a claim, an adjudication on the merits. As such, the court recommends that Plaintiff's claims against the Duke Defendants be dismissed as being barred by the doctrine of *res judicata*.[4]

---

[4] The Duke Defendants also argue, in the alternative, that the claims against them are barred by collateral estoppel. Collateral estoppel prevents "relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate." *Va. Hosp. Ass'n v. Baliles*, 830 F.2d 1308, 1311-12 (4th Cir. 1987). Here, every issue that Plaintiff is attempting to raise against the Duke Defendants was fully and fairly litigated in *Harr I*. The Order in *Harr I* was upheld by the Fourth Circuit Court of Appeals and Plaintiff's petition for writ of certiorari was denied by the Supreme Court. It is a final and valid judgment that Plaintiff may not attack through a second complaint, notwithstanding the additional allegations he includes concerning other parties and issues.

Likewise, standing alone, the Duke Defendants' argument that Plaintiff has failed to state a claim would also prevail in this case, were the court to not dismiss on *res judicata* or collateral estoppel grounds. Plaintiff fails to state a claim for deprivation of his First, Fifth and Fourteenth Amendment rights in violation of 28 U.S.C. § 1983 because he has not alleged any facts which suggest that any of the Duke Defendants acted under color of state law. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (section 1983 "prohibits interference with federal rights under color of state law.").

**D. Duke Defendants' Motion for Sanctions**

The Duke Defendants have moved for an order sanctioning Plaintiff pursuant to Fed. R. Civ. P. 11(c) "for pursuing claims and other legal contentions that [Plaintiff] knows or should know are not warranted either by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." (Duke Defs.' Mot. for Sanctions at 1, Docket Entry 29.) The Duke Defendants are not seeking costs or monetary sanctions through this motion. Rather, they seek an order enjoining Plaintiff from suing the Duke Defendants or their agents based on the events described in the present complaint and the complaint in *Harr I.*

> Federal Rule of Civil Procedure 11 provides in relevant part:
>
> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

Fed. R. Civ. P. 11(b). Rule 11 clearly applies to both represented and unrepresented parties. While "*pro se* pleadings and filings are granted a degree of indulgence not extended to lawyers when a court considers the imposition of Rule 11 sanctions," pro se litigants' manifestly frivolous arguments are still subject to Rule 11. *Peggs v. Ingle*, No. 1:09CV327,

2009 WL 3208420, at *3 (M.D.N.C. Sept. 20, 2009); *see also Sanders v. Tyco*, 235 F.R.D. 315 (W.D.N.C. 2006) (where arguments are clearly frivolous, sanctions are appropriate).

As discussed above, the claims presented by Plaintiff in this action, as to the Duke Defendants, are essentially identical. The first action was dismissed for failure to state a claim. After appealing the dismissal to the Fourth Circuit, and then being denied review in the Supreme Court, Plaintiff filed this almost identical lawsuit against the Duke Defendants. His argument – that a court cannot grant a motion to dismiss without violating his due process and his right to a jury trial – is "both frivolous and irrational." *Peggs*, 2009 WL 3208420, at *3. Plaintiff was put on notice by the Duke Defendants that the claims in the second lawsuit were most likely barred by res judicata and collateral estoppel. In a letter to Plaintiff dated August 26, 2013, counsel for the Duke Defendants expressed the Duke Defendants' position that Plaintiff's claims against them were barred by *res judicata* and/or collateral estoppel, explaining these doctrines and enclosing relevant case law. (Duke Def.'s Mot. for Sanctions, Ex. 1, Docket Entry 29-1.) Counsel also cited Rule 11, advised Plaintiff that Rule 11 sanctions could be imposed against him and asked Plaintiff to dismiss the claims against the Duke Defendants. (*Id.*) In response, Plaintiff acknowledged receipt of the legal authorities sent by counsel for the Duke Defendants but refused to dismiss the Duke Defendants from the lawsuit. (*Id.*, Ex. 2 at 1.)[5]

---

[5] The "safe harbor" provision of Rule 11 forbids filing a motion for sanctions with the court "unless, within 21 days after service of the motion . . ., the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A). The Duke Defendants complied with this provision in filing their motion for sanctions.

Under the All Writs Act, 28 U.S.C. § 1651(a) (2000), a federal court may restrict access to the courts for repeat vexatious and malicious litigants. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). District courts have inherent power to control the judicial process and to redress conduct that abuses the process. *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (citation omitted). *Pro se* litigants are subject to the same rules. *See Armstrong v. Koury Corp.*, 16 F. Supp. 2d 616, 620 (M.D.N.C. 2004) (*pro se* litigant who engaged in continuing harassment of defendant corporation through the filing of legal arguments that were "frivolous and lack[ed] evidentiary support" subject to Rule 11 sanctions). However, limiting a pro se litigant's free access to the courts should be approached with caution and restrictions imposed only if "exigent circumstances" exist, such as continuous abuse of the judicial process by filing meritless and repetitive actions. *Cromer*, 390 F.3d at 818.

The court in *Cromer* set forth the proper circumstances and factors this court must consider in determining whether a pre-filing injunction is appropriate. *Id.* Under this test, the court must

> weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* Because of due process concerns, pre-filing injunctions must be narrowly tailored based on the circumstances of each case. *Id.* "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir.

16

1996) (internal citation and quotation omitted). The district court must also "afford the litigant notice and an opportunity to be heard." *Larrimore v. Williamson*, 288 F. App'x 62, 62 (4th Cir. 2008) (unpublished) (citing *Cromer*, 390 F.3d at 819). Notably, the Fourth Circuit has deemed notice to be sufficient when a litigant is given "proper notice of the magistrate's recommendations and ample opportunity to register his objections" before the injunction was imposed. *Joyner v. Riley*, No. 88-6698, 1988 WL 131841, at *1 (4th Cir. Dec. 2, 1988) (unpublished).

Where, as here, a *pro se* litigant is put on notice that his claims are barred by *res judicata* but refuses to dismiss his case, courts have exercised their discretion to impose Rule 11 sanctions. In *Ginther v. Provident Life & Casualty Insurance Co.*, for example, the court upheld a sanctions award against a *pro se* plaintiff who had "been correctly informed . . . that his claims in th[e] action were barred by *res judicata*" and who "nevertheless renewed the same substantive claims in a dilatory motion." 350 F. App'x 494, 496 (2d Cir. 2009). Following similar reasoning, the Fifth Circuit Court of Appeals upheld a sanctions award against a *pro se* plaintiff in *Fermin v. National Home Life Assurance Co.*, after noting that plaintiff's "persistence in litigating this lawsuit, even after he was put on notice that res judicata barred his lawsuit, clearly violates Rule 11." No. 93-8645, 1994 WL 24922, at *2 (5th Cir. Jan. 14, 1994) (unpublished). Similarly, in *Calesnick v. Redevelopment Authority*, the court imposed sanctions after the plaintiffs failed to heed warnings about Rule 11 for pursuing claims barred by res judicata. 696 F. Supp. 1053, 1054-55 (E.D. Pa. 1988). Other courts, however, have denied motions asking for pre-filing injunctions, finding that the facts of the cases did not support such a drastic remedy, or that there were other, less severe sanctions available. *See Carter v.*

*Archdale Police Dept.*, No. 1:13cv613, 2014 WL 791863 (M.D.N.C. Feb. 25, 2014) (no injunction warranted); *Fidelity & Guar. Life Ins. Co. v. United Advisory Group, Inc.*, Civil No. WDQ-13-0040, 2013 WL 322634, at *2 n.16 (D. Md. Jan. 25, 2013) (finding that *Cromer* factors weighed against prefiling injunction and that "simply warning the [parties] that continued, duplicative filings . . . might lead to sanctions appears sufficient to protect" the interests of the party seeking the injunction as well as the court's interests); *Guerrero v. Weeks*, No. 1:13cv837 (JCC/JFA), 2014 WL 793523, at *9 (E.D. Va. Feb. 26, 2014) (ordering prescreening of plaintiff's future filings as protection for defendants from having to defend against frivolous pleadings and claims).

Plaintiff, in his response to the motion for sanctions, argues that Rule 11 sanctions should not be awarded because "res judicata, on ethical and logical grounds, should not apply [to cases] in which a judge determines the outcome." (Pl.'s Resp. Br. ¶ 41, Docket Entry 32.) Plaintiff's argument does not accurately reflect the law. As addressed above, a dismissal for failure to state a claim is a final judgment on the merits and has *res judicata* effect. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991) ("[A] dismissal under Rule 12(b)(6) is accorded res judicata effect . . . ."). Plaintiff obviously has strong feelings about his case; however, in the face of overwhelming case law and precedent against his position, Plaintiff pledges to continue his insistence that he is entitled to his day in court. In fact, Plaintiff strongly indicates in his filings (and in his argument before this court) that if this lawsuit is dismissed, he will file a third lawsuit against the Duke Defendants:

> DUKE DEFENDANTS are aware that PLAINTIFF is hard-headed and
> stubborn and that he is a man of principles who will persist in his quest for a

fair and just resolution of the incident sparked back in April 2010. DUKE DEFENDANTS know that if a Motion to Dismiss is granted on their behalf, PLAINTIFF, after following the appeals process will most likely repeat the process.

(Pl.'s Resp. Br. ¶ 49.)

While this court is mindful of Plaintiff's right of access to the courts, and further, appreciates Plaintiff's zeal and strong belief in his cause, it is the opinion of the undersigned that sanctions in this case are appropriate. The court finds that Plaintiff's threat in his brief indicates a willful intent to harass the Duke Defendants even in the face of the overwhelming weakness of Plaintiff's legal position. However, under the circumstances here, sanctions short of a pre-filing injunction are warranted. Plaintiff is proceeding *pro se*, and he has not been previously warned or sanctioned by the court. Although he has filed two lawsuits against the Duke Defendants asserting the same claims, Plaintiff does not otherwise have a history of bringing harassing and duplicative lawsuits in this court. Application of the factors outlined in *Cromer* shows that a less drastic sanction would adequately protect the Duke Defendants and the courts by deterring future litigation abuse. *See Guerrero*, 2014 WL 793523, at *9 (E.D. Va. Feb. 26, 2014); *see also Carter*, 2014 WL 791863, at *7 (where action pending for five months, in spite of multiple frivolous filings, court declined to issue pre-filing injunction, stating that "[t]he bar for what constitutes such a history [of continuing vexatious and frivolous litigation] is much higher than what is present here.").

Accordingly, this court recommends that an order be entered stating that the Duke Defendants need not respond to any future pleading or complaint filed by Plaintiff in the Middle District of North Carolina as to the Duke Defendants for which the operative facts

relate to the events of April 14, 2010 as set forth in *Harr I* and *Harr II*, except a notice of appeal herein. This sanction, narrowly tailored to fit the facts and circumstances of this case, should prevent the Duke Defendants from incurring additional expense in responding to frivolous claims and it will allow the court to conduct pre-screening of future pleadings of Plaintiff and to dismiss such pleadings on the court's motion, without requiring full briefing, thereby preserving judicial resources. *See Guerrero*, 2014 WL 793523, at *9. By failing to recommend the imposition of a pre-filing injunction, the court does not condone in any way Plaintiff's conduct in these matters. Plaintiff is expressly warned that should he continue to file lawsuits against the Duke Defendants based on the same facts and claims asserted in *Harr I* and *Harr II*, he is subject to further sanctions under Rule 11, including dismissal, imposition of a pre-filing injunction and even more severe sanctions. Such sanctions or injunction could issue *sua sponte*, that is, without motion from Defendants.

## IV. CONCLUSION

For the reasons previously stated, this court **RECOMMENDS** as follows:

1) That the Duke Defendants' motion to dismiss (Docket Entry 8) be **GRANTED**;

2) That the State of North Carolina's motion to dismiss (Docket Entry 17) be **GRANTED**;

3) That Judge Schroeder's motion to dismiss (Docket Entry 23) be **GRANTED** and, concurrently, Plaintiff's motion to dismiss Judge Schroeder (Docket Entry 41), be **DENIED AS MOOT**;

4) That the Duke Defendants' motion for sanctions for Plaintiff's violation of Rule 11(b)(2) (Docket Entry 29) be **GRANTED** and the Duke Defendants shall be

excused from responding to any future pleadings filed by Plaintiff in the Middle District of North Carolina pertaining or relating to the allegations or legal claims made in either of the two prior lawsuits (*Harr I* and *Harr II*) unless ordered to do so by the court; and

5) That Plaintiff's motion to compel (Docket Entry 37) be **DENIED AS MOOT**.


Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
May 28, 2014